# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0613V

| | |
|---|---|
| PAUL MASON,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: August 20, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Austin Joel Egan, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Paul Mason filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on October 22, 2020. Petition, ECF No. 1. On November 29, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 50.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,298.18 (representing $26,710.50 in fees plus $587.68 in costs). Application for Attorneys' Fees and Costs ("Motion") filed May 9, 2024, ECF No. 55. Furthermore, Petitioner filed a signed statement representing that he incurred $8.25 in personal out-of-pocket expenses. ECF No. 56.

Respondent reacted to the motion on May 13, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 57. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $345 for 2024 work performed by attorney Patrick Kelly, representing a rate increase of $40; and the rate of $195 for paralegal work performed by in 2024, Motion at 19. I find these rates to be reasonable and will award the attorney's fees requested. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 22-33. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, I hereby GRANT Petitioner's Motion. Petitioner is awarded the total amount of $27,306.43[3] as follows:**

- **A lump sum of $27,298.18, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $8.25, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.